UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESHURN HUNT (N-42562), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07 C 4733 |
| ) | |
| SCOTT THOMAS, ANDY ULLOA, ) | Judge Rebecca R. Pallmeyer |
| and PAUL RATZBURG, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In this lawsuit, Plaintiff, a prisoner confined at the Pinckneyville Correctional Center, charges Defendant police officers with using excessive force and engaging in an unlawful search of his home. On September 26, 2008, the court granted summary judgment in favor of Defendants on certain claims and invited them to submit renewed motions for summary judgment providing certain additional information. Defendants have now submitted renewed motions but, for the reasons explained below, the court stays this case pending resolution of Plaintiff's state proceedings in his Illinois and Wisconsin criminal cases.

### Background and Procedural History

Plaintiff Leshurn Hunt filed this lawsuit in August 2007 against three police officers: Waukegan, Illinois Officers Scott Thomas and Andy Ulloa and Pleasant Prairie, Wisconsin Officer Paul Ratzburg. Plaintiff's claims arise from his arrest, his related interrogation, and a search of his home in connection with two armed robbery offenses in June 2006, one occurring in Waukegan and another occurring on the same day in nearby Pleasant Prairie. Plaintiff was charged wtih and ultimately convicted of armed robbery in both Waukegan, Illinois (in 2007) and Kenosha, Wisconsin (in 2008). Plaintiff is currently appealing both convictions in Illinois and Wisconsin appellate courts.

**Defendants' Motions for Summary Judgment**

Plaintiff's § 1983 suit alleged that (1) Officer Thomas used excessive force while interrogating Plaintiff; (2) Officers Thomas and Ratzburg searched Plaintiff's home without a warrant or consent, and (3) all three officers acted with deliberate indifference to Plaintiff's injuries. On September 26, 2008, this court ruled on motions to dismiss and for summary judgment, dismissing all of the claims against Officer Ulloa, and all claims except the illegal search claim against Officer Ratzburg. The only claims remaining are that Officer Thomas used excessive force against Plaintiff during the interrogation, and that Officers Thomas and Ratzburg conducted a search of Plaintiff's house without a warrant or consent. (September 26, 2008, Memorandum Opinion, Doc. 92.)

The Defendants' initial summary judgment motions argued, in part, that the findings made in Illinois state court in Plaintiff's criminal case barred his § 1983 excessive force and illegal search claims under the principle of collateral estoppel. Specifically, Defendants presented evidence that in a pretrial hearing in the Illinois criminal prosecution, the Illinois trial court judge (Judge Foreman) heard the testimony of Plaintiff and of Officers Thomas, Ulloa, and Ratzburg. At the conclusion of that hearing, Judge Foreman found that Plaintiff's assertions of excessive force were not credible and observed that Plaintiff's wife consented to the search of Plaintiff's house. At the time the Defendants filed their summary judgment motions, Plaintiff had been convicted of the Illinois offense, and criminal proceedings were pending in Kenosha with respect to the Wisconsin charges. In November 2008, Plaintiff was also convicted of the Wisconsin charges. (Defendants' Motions for Summary Judgment, Docs. 34, 69, *citing* Transcript of June 15, 2007, Pretrial Hearing, Exhibit E to Def.'s 56.1 Statement, Doc. 35-7 at 8-15.)

In its September 26, 2008 opinion, with respect to the excessive force claim against Officer Thomas, this court concluded that although Defendants met several of the collateral estoppel factors, it was unclear whether there new evidence might prevent application of the doctrine. Specifically, this court determined, first, that there was a final judgment in the Illinois criminal case to which Plaintiff was

2

a party (a conclusion arguably undermined by the fact that Plaintiff's conviction is on appeal). In addition, the court noted that Plaintiff presented the excessive force issue to the Illinois trial court, and that the trial court judge (Judge Foreman) found Plaintiff's testimony of excessive force not credible. This court, however, questioned whether there was evidence that was not presented at the Illinois pretrial hearing, specifically, testimony from Plaintiff's sister and wife and medical reports. This court thus denied Thomas' summary judgment motion on the excessive force claim, but invited him to submit a renewed motion addressing these concerns. (September 26, 2009 Opinion, Doc. 92 at 14-17.)

With respect to the illegal search claim, the court was unable to determine whether Plaintiff had a full and fair opportunity to present that issue to the Illinois state court. Apparently, no incriminating evidence was found during the search. Although the search was discussed at the Illinois pretrial hearing and Judge Foreman commented that Plaintiff's wife consented, the court was uncertain that the lawfulness of the search was squarely at issue; the parties had not explained what evidence, if any, was found in the search or whether Plaintiff's criminal defense attorney had asked that such evidence be suppressed. This court was, as a result, uncertain that Judge Foreman's verbal finding of consent could be considered a judgment barring a § 1983 challenge to the search. In addition, Plaintiff had submitted, in opposition to the earlier motions for summary judgment, an affidavit from his wife Sonya, in which she stated that she did not consent to the search. Sonya Hunt, however, did not testify at the Illinois pretrial hearing. This court denied the summary judgment motions on the illegal search claim, but invited the Defendants to submit renewed motions further addressing this issue. (*Id.* at 17-18, *citing* Transcript of June 15, 2007, Pretrial Hearing, Exh. E to Defs.' Rule 56.1 Statement, Doc. 35-7 at 10.)

The court noted, further, its unwillingness to interfere with Plaintiff's state criminal proceedings. Because it was not clear from the record, the court requested the parties to state what evidence, if any, had resulted from the interrogation and the search of Plaintiff's home, and whether a ruling by this court on either issue could affect pending Illinois or Wisconsin criminal proceedings. (*Id.* at 18-19.)

3

**Renewed Motions for Summary Judgment**

Defendants Thomas and Ratzburg have filed renewed motions for summary judgment. (Renewed Motions for Summary Judgment, Docs. 113, 117.) Plaintiff has responded. (Response, Doc. 130, 132, 138.) Plaintiff also seeks to submit evidence not introduced with the initial summary judgment motions and responses: photographs of Plaintiff taken after the June 2006 interrogation (Doc. 128), reports of interviews from an Internal Affairs investigation of Plaintiff's claim of police brutality (Doc. 132 at 12-22), and transcripts of some of the Wisconsin criminal proceedings (pretrial hearing and trial) wherein Plaintiff's wife testified about the search of the house and Plaintiff's sister testified about the search as well as Plaintiff's bruised condition at his initial bond hearing before the Illinois state court. (Doc. 153 at 9-71.) Plaintiff asserts, in addition, that there are medical records from the Lake County Jail from shortly after his June 2006 interrogation, which he has not yet been able to obtain. (Docs. 115, 146.) Finally, Plaintiff contends that he did not have a fair pretrial hearing in the Illinois proceedings because his first attorney withdrew as counsel a day before the hearing, his new attorney did not have time to prepare or interview witnesses, and the prosecutor did not turn over evidence that Plaintiff characterizes as exculpatory, including an Internal Affairs investigation report or pictures taken of Plaintiff after the interrogation. (Doc. 132, 1-4.)

Neither Defendant Thomas nor Ratzburg has stated definitely whether incriminating evidence resulted from the interrogation that was used at Plaintiff's criminal trials. (Renewed Summary Judgment Motions, Doc. 113 at 7-8; Doc. 117 at 9-10, 16-17.) Thomas points to the same pretrial hearing testimony noted by this court in its September 26, 2009, opinion: Thomas' testimony during the Illinois pretrial hearing that Plaintiff stated at one point during the interrogation, "Just take me to jail. You got me on video." (Thomas' Renewed Summary Judgment Motion, Doc. 113 at 7; Court's September 26, 2008 Opinion, Doc. 92 at 19, *citing* Transcript of January 10, 2007, Illinois Pretrial Hearing, Exc. C to Defs.' Rule 56.1 Statement, Doc. 35-5 at 40-41.) But neither Defendant presents trial transcripts showing that this or any other statement from the interrogation was used at trial. Both

4

Defendants believe that no incriminating evidence resulted from the search of Plaintiff's residence; assuming this is true, the court remains puzzled as to the purpose for any motion to suppress, or the significance of any ruling on such a motion. (Renewed Summary Judgment Motions, Doc. 113 at 7-8; Doc. 117 at 9-10, 16-17.)

Nor is the court certain what effect, if any, the Wisconsin proceeding may have on this court's rulings. To date, the Defendants have asserted that the Illinois trial court's determination of no excessive force and consent to search Plaintiff's residence are binding here, and that those determinations bar Plaintiff's action in this court. It appears, however, that some of the same issues may have been presented in the Wisconsin proceedings. If the Wisconsin court came to different conclusions than the Illinois court, the preclusive effect of both state trial court determinations may be relevant here; at this time, no copies of any motions or rulings from the Wisconsin trial court appear in the record. *See Brengettcy v. Horton*, 423 F.3d 674, 683 (7th Cir. 2005) (this court looks to the law of the forum state to determine the preclusive effect of a judgment of that state's courts). Defendants have, however, suggested that a ruling by this court on the excessive force and illegal search claims may affect the pending criminal appeals. (Ratzburg Renewed Summary Judgment Motion and Thomas' Reply Brief, Doc. 117 at 16-17; Doc. 139 at 7-8.) As explained below, the court agrees that a stay of these proceedings is appropriate.

**Stay of this Case Pending Further Proceedings**

For several reasons, this court declines, in this context, to determine whether collateral estoppel prevents Plaintiff from bringing his § 1983 claims. To determine whether collateral estoppel applies, this court must address whether Plaintiff had a full and fair opportunity in the state court to present the issues he seeks to raise here. *See Stevenson v. City of Chicago*, 638 F. Supp. 136, 142 (N.D.Ill. 1986) (*citing Raper v. Hazelett & Erdal*, 114 Ill.App.3d 649, 652, 449 N.E.2d 268, 270 (1st Dist. 1983)); *see also Sornberger v. City of Knoxville*, 434 F.3d 1006, 1020-23 (7th Cir. 2006). Such a determination in this case may require this court to consider arguments about whether Plaintiff's

5

attorney (who was substituted as defense counsel just one day before the pretrial hearing) was ineffective, or whether the prosecutor made a full disclosure of evidence.  (Plaintiff's Response to Renewed Summary Judgment Motions, Doc. 130 at 1-5.)  This determination, as well as whether new evidence is appropriately considered, may address the validity of Plaintiff's state court decisions and proceedings.

Even if the excessive force and illegal search claims are not issues before the state appellate courts, this court's ruling on those issues while the state criminal proceedings are pending may result in this court's and the state courts' issuing rulings on different aspects of Plaintiff's criminal proceedings.  In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court urged federal courts, absent extraordinary circumstances, to abstain from enjoining state criminal proceedings and to respect considerations of comity. This abstention doctrine applies to situations where a federal court is asked to issue rulings that may affect the state court proceedings; as the Seventh Circuit explained in an appeal from dismissal of a civil rights claim challenging plaintiff's arrest on murder charges, *Younger* abstention services the valuable goal of avoiding avoid "potential federal-state friction."  *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir.1995).  Even if, as Defendants contend, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) does not apply and a favorable ruling on Plaintiff's claims would not necessarily call into question the validity of his convictions, this court should not rule on the validity or fairness of Plaintiff's pretrial hearings or trials while his state appeals are pending.  *Simpson*, 73 F.3d at 138 (where appeal from murder conviction was pending in state court, federal court should stay related civil rights case, even if award of damages in that case would not be preclusive in the state court proceedings); *see also Fulton v. Zalatoris*, No. 07 C 5569, 2008 WL 697349, 3 (N.D.Ill. Mar. 12, 2008) (staying procedings in plaintiff's false arrest case pending appeal from his conviction).

Accordingly, this court stays the proceedings in Plaintiff's § 1983 case until there is a resolution in both his Illinois and Wisconsin appeals of his criminal convictions.  This court has learned that briefing of the Illinois appeal is currently scheduled to be complete at the end of September 2009, and

that Plaintiff has obtained an extension of time from the Wisconsin appellate court to submit his notice of appeal. Plaintiff may resume the instant proceedings once state court challenges to his convictions are complete. The court will expect Plaintiff to notify this court within 90 days from the date his state proceedings are no longer pending. Plaintiff's failure to ask the court to lift the stay within such a period of time may be construed as his desire not to proceed with the current § 1983 case and may result in dismissal of this case.

## **CONCLUSION**

Defendants' renewed motions for summary judgment [113, 117] are denied without prejudice to resubmission in accordance with this opinion. Plaintiff's "cross motion(s) for summary judgment" [130, 132, 138] are construed as his response to Defendants' motions and are denied without prejudice. Plaintiff will be free to resubmit his responses when/if Defendants renew their motions for summary judgment. Plaintiff's motion to supplement the record before this court with copies of transcripts of parts of the Wisconsin criminal proceedings [153] is granted; his motion for appointment of counsel [156] is denied without prejudice. The court notes, in addition, that should the court need to assess the preclusive effect of those proceedings, the parties should provide this court with a complete transcript of the proceedings after the stay is lifted. Finally, the court notes two recent decisions that may be instructive on the issues presented here; when litigation in this case resumes, the parties will be invited to comment on *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009); and *Webb v. Lanton*, No. 09 C 6603, 2009 WL 837648 (N.D. Ill. Mar. 25, 2009).

Date: August 20, 2009   ENTER:

_____
REBECCA R. PALLMEYER
United States District Judge